Parsons *v.* Mumford.

---

## PARSONS *vs.* MUMFORD and others.

M. being the owner of a farm, in January, 1838, mortgaged the same to R. to secure the payment of $6000 and interest. In June thereafter he again mortgaged it to P. the complainant, to secure the payment of $7000 and interest. In March, 1842, he gave to P. an absolute deed of the premises, and at the same time assigned to him his interest in two previous mortgages thereon; and took back from P. an instrument, not under seal, certifying that he had received such conveyance and assignment, and was to sell and dispose of the farm in such lots, tracts, or parcels, and for such price, and upon such terms, as he might deem expedient; and was to apply the proceeds of such sales, &c. to the payment of M.'s bond and mortgage to himself, and to the payment of the prior bond and mortgage to R.; and pay the surplus, if any, to M. And if it should be necessary or expedient, to foreclose either of the two last mentioned mortgages, to perfect the title to the premises, the costs of the foreclosure were to be paid, as part of the necessary expenses of the execution of the trust. Subsequently P. filed a bill to foreclose the mortgage given to him by M. and obtained the usual decree for foreclosure and sale, with a decree over against M. for the deficiency, if any. At the master's sale, the premises were bid in by P. for the sum of $200, subject to the prior mortgage to R.; leaving a deficiency, due upon the decree, of $8355,59; for which amount the decree was docketed against M. the mortgagor. P. went into possession of the premises and received the income thereof, kept down the interest upon the prior mortgage, and paid the taxes; but the income was insufficient for that purpose. On a bill filed by P., praying that the balance due to him upon his own bond and mortgage, and the interest which he had paid upon the prior bond and mortgage beyond the income of the premises might be ascertained; that the premises might be sold; that he might be permitted to bid at the sale, for the protection of his rights, &c.; and might be permitted to enforce his former decree for the deficiency; *Held* that this was a case in which the complainant was entitled to relief; and a demurrer to the bill was overruled.

*Held also*, that taking the whole transaction together—the conveyance from M. to P., and the written defeasance, and the subsequent purchasing in of the premises by

Parsons *v.* Mumford.

P., at the master's sale—it must be considered merely as a further security of the debt due to P., and that the interest of P. in the premises was in the nature of a mortgage merely.

*Held further,* that P.'s interest in the premises was subject to an equity of redemption in M., and was not strictly a trust which could enable P. to convey a good title to a purchaser who was acquainted with the facts of the case.

THIS was an appeal from a decree of the vice chancellor of the eighth circuit, allowing a demurrer of the defendant W. W. Mumford, and dismissing the complainant's bill as to him. W. W. Mumford, being the owner of a farm in the county of Monroe, mortgaged it to Robert Ray, in January, 1838, to secure the payment of $6000 and interest. And in June of the same year, he again mortgaged it to E. M. Parsons, the complainant, to secure the payment of $7000 and interest. On the 22d of March, 1842, Mumford gave to the complainant an absolute deed of the premises; and at the same time assigned to him his interest in two previous mortgages upon the premises, and took back from him an instrument, not under seal, certifying that he had received such conveyance and assignment from Mumford, to sell and dispose of the farm in such lots, tracts or parcels, and for such price, and upon such terms, as to payment, as Parsons might deem expedient; and to apply the proceeds of such sales, and the moneys to be received upon the assigned bonds and mortgages, to the payment of the bond and mortgage given by Mumford to him, upon the premises, and to the payment of the prior bond and mortgage to Robert Ray; and to pay the surplus, if any, to Mumford. The instrument given back to Mumford, by the complainant, also stated that if it should be necessary or expedient to foreclose either of the two last mentioned mortgages, to perfect the title to the premises, the costs of such foreclosure were to be paid, as part of the necessary expenses of the execution of the trust.

A few days after the receipt of this conveyance by Parsons, and the giving of such written instrument by him, he filed a bill to foreclose the mortgage given to him, upon the premises, by Mumford, in June, 1838, and making the mortgagor one of the defendants therein; in which foreclosure suit the usual decree

for the foreclosure and sale of the premises was obtained; with
a decree over against Mumford for the deficiency in case the
premises should not sell for enough to pay the debt and costs.
Upon the master's sale, in December, 1842, the premises were
bid in by the complainant for the sum of $200, subject to the
prior mortgage to R. Ray; leaving a deficiency due to the com-
plainant of $8355,59, as reported by the master. And upon
the confirmation of the master's report, a decree was docketed
against Mumford for that amount. The complainant went
into possession of the premises and received the income thereof,
kept down the interest to Ray, the prior mortgagee, and paid
the taxes; but the income was wholly insufficient for that pur-
pose. He had also advertised the premises for sale, and had
endeavored to sell the same without success.

He thereupon filed his bill in this cause stating these facts,
and praying that the balance due to him upon his own bond
and mortgage, and the interest which he had paid upon the
prior bond and mortgage, beyond the income of the premises,
might be ascertained, and that the premises might be sold by
a master, under the direction of the court; and that he might
be permitted to bid at the sale, for the protection of his rights,
&c. and be permitted to enforce his former decree for the defi-
ciency, for the balance which might be found due. The fol-
lowing opinion was delivered by the vice chancellor.

F. WHITTLESEY, V. C.  The complainant, before he com-
menced his proceedings to foreclose his mortgage, received a
deed of the mortgaged premises from the mortgagor. It would
seem that this deed was executed in pursuance of an agreement
between the parties, by which the mortgagee was to have power
to sell the premises at his discretion as to quantity, price, and
terms of payment, and to apply the proceeds to the payment of
the two mortgages. This conveyance gave the complainant,
as against the mortgagor, full control and power over the mort-
gaged premises, to dispose of the same. The only object of the
foreclosure was to perfect the title as against others. And the
master's deed only added strength to the complainant's title,

Parsons *v.* Mumford.

which was still subordinate to the agreement. The title was in fact acquired by the complainant under an agreement, with the mortgagor, by which, it may be remarked, the complainant received other securities than the mortgaged premises. Under this agreement, the complainant could not sell any of the mortgaged premises and become himself the purchaser, freed from the operation of the trust. The scope and effect of the agreement was that the complainant should not become an absolute purchaser. The whole scope of the present bill is to release the complainant from this operation of the agreement, and enable him to purchase absolutely for himself, under a decree of sale which he asks to have made. This is, in other words, to ask the court to vary the agreement made by the parties themselves, and relieve one party from a part of the agreement which is onerous to himself, or deemed to be so; and this after he had derived certain advantages from the agreement. The complainant has, without any authority of this court, and by virtue of the agreement, the right to sell the premises in such parcels and upon such terms as to price and payment as he thinks proper. Indeed, he can do all under the agreement that the court could by decree authorize him to do, except to become the absolute purchaser himself, at any sale to be made. This he asks, by his bill, to be authorized to do, upon the allegation that after advertising he cannot find purchasers. The court certainly cannot find him purchasers; and a master's advertisement of sale for cash would hardly be so likely to draw purchasers at fair prices as the trustee's advertisement of sale upon favorable terms of credit. If the complainant was suffered to purchase, at any such sale, he would still have the property; his debt would not be paid in cash, and he would have to sell the property to realize his debt in cash. But in such a case, if he sold it at an advance from his bid, he would be entitled to the increased price himself. This, it would seem, it was the object of the agreement to prevent, and the bill cannot be sustained. The demurrer is allowed, and the bill dismissed with costs.

Parsons *v.* Mumford.

*E. Griffin,* for the appellant. The complainant had a right to file his bill in chancery, asking to have the trust property sold under the direction of this court. (*Mitf. Pl.* 134, 5. 1 *Ch. Ca.* 249. 1 *Sim. & Stu.* 255.) The complainant, as such trustee, may be permitted to bid, at the sale of the premises, unless the court is satisfied that the cestui que trust will be injured. (3 *Paige,* 179. 2 *John. Ch.* 261.)

*W. W. Mumford,* for the respondent. The proceedings in the prior foreclosure suit are a bar to this action. The complainant has mistaken his remedy, if any he has. He should have presented his *petition* in the former suit, instead of filing a *new bill.* There is no equity in the complainant's bill, because, (1.) The complainant is clearly a *trustee.* He accepted the trust voluntarily; and cannot be released from the duties and responsibilities of a trustee without the consent of the cestui que trust. (2.) He has now full and absolute control over the subject matter of this suit; and can sell and dispose of the property (as he is legally and equitably bound to do) without the interference or aid of this court. (3.) He asks this court to set aside a solemn contract between these parties, which has been already executed on the part of the defendant, and to make a new contract for them, without the assent, and against the interests, of the defendant. (4.) The bill clearly shows an original and continued breach of good faith and of legal obligation on the part of the complainant, injurious to the rights, and destructive of the interests of this defendant, in the premises : 1. By causing a decree to be entered for a deficiency, when *non constat,* that there would be any deficiency: and 2. In delaying sales of the property, or of some part or portion thereof, whilst he was at the same time wasting the profits and accumulating interest and expenses against it.

THE CHANCELLOR. I think this was a case in which the complainant was entitled to relief, and that the demurrer should have been overruled. If the agreement of the complainant of the 22d of March, 1842, had not shown that both parties

contemplated a nominal foreclosure of the complainant's mortgage, for the purpose of vesting the title absolutely in Parsons, to enable him to sell and pay himself and the prior mortgagee, that foreclosure would have been conclusive between the parties.; so as to vest the title to the premises absolutely in the complainant, for his own benefit, subject only to the prior mortgage from Mumford to R. Ray. But when that foreclosure is taken in connection with the agreement, it would be unjust to Mumford to consider all his equity of redemption and interest in the premises as cut off by such foreclosure and sale. And it would be equally unjust and unconscientious, to permit Mumford to consider his debt to the complainant as extinguished by the sale, so that the complainant could get no payment except what he might obtain by a sale of the premises. It is evident, therefore, that in the situation in which the premises are, they cannot be sold in parcels, as contemplated by the parties; as no prudent man would purchase a part of the farm subject to the payment of the large mortgage thereon to Ray. Taking the whole transaction together—the conveyance and written defeasance of March, 1842, not under seal, and the subsequent purchasing in of the premises at the master's sale—it must be considered merely as a further security of the debt due to the complainant; and that the interest of Parsons in the premises is now in the nature of a mortgage merely. The complainant's interest in the premises, therefore, is subject to an equity of redemption, in Mumford, and is not strictly a trust which will enable the complainant to convey a good title to a purchaser acquainted with the facts of the case.

The amount justly due to the complainant should be ascertained, and a decree of foreclosure and sale of the premises should be made, containing the usual authority to any of the parties in the suit to bid at the sale, &c. The decree of the vice chancellor must therefore be reversed ; and the demurrer must be overruled, with costs. And the respondent must pay those costs, and put in his answer, within twenty days after service of a copy of the taxed bill of costs, or the complainant's bill in this cause must be taken as confessed as against the respondent